IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ERVIN CALVIN CRAWFORD,    )
    )
    Petitioner,    )
    )    1:12CV848
    v.    )    1:07CR317-1
    )
UNITED STATES OF AMERICA,    )
    )
    Respondent.    )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Ervin Calvin Crawford, a federal prisoner, brings a Motion [Doc. #35][1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted in this Court of one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He received concurrent sentences of 210 months imprisonment as an Armed Career Criminal. In Petitioner's Motion, he raises two claims, the first of which asserts that his firearm conviction and Armed Career Criminal enhancement are no longer valid following United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), based on his contention that he did not receive more than a year of imprisonment for the predicate felonies supporting his § 922(g)(1) conviction

---

[1] This and all further cites to the record are to the criminal case.

and the enhancement. Petitioner's second claim alleges ineffective assistance of counsel at sentencing because his attorney failed to argue for a downward variance under U.S. Sentencing Guideline § 5G1.3. The Government filed a Response [Doc. #45] opposing relief.

Having considered the contentions raised, the Court notes first that Petitioner's Simmons claim is without merit because he clearly remains a felon and an Armed Career Criminal following Simmons. A defendant is a convicted felon for purposes of § 922(g)(1) if he has a prior conviction for a crime "punishable by imprisonment for a term exceeding one year." In addition, under 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . ." A "violent felony" includes any crime punishable by imprisonment for a term exceeding one year that either has as an element the use, attempted use, or threatened use of physical force against the person of another, or is an enumerated offense, including burglary. In this case, Petitioner's status as an Armed Career Criminal is supported by three sets of breaking and entering convictions, all of which are listed in the Indictment. They are: a conviction for five counts of breaking and entering conviction obtained in Guilford County, North Carolina, on May 8, 1992, a conviction for two counts of breaking and entering obtained in Guilford County on June 3, 1992, and a conviction for two counts of breaking and entering obtained in Davidson County, North Carolina, on February 4, 1993. The state court judgments reveal that in each instance, Petitioner faced a presumptive sentence of at least

2

three years imprisonment. (Response, Attachs. 2-4.) Therefore, Petitioner is properly classified as a felon and an Armed Career Criminal even after Simmons. See also United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) ("The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary'" and "N.C. Gen. Stat. § 14–54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary . . . . N.C. Gen. Stat. § 14–54(a) therefore qualifies as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii)."); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1982) ("[C]onvictions under North Carolina law for breaking or entering under N.C.G.S. § 14-54 qualify as generic burglaries under the *Taylor* case and justify an enhancement of punishment under § 924(e)(2)(B)(ii).").

Moreover, as to all of Petitioner's claims, the Government has raised a statute of limitations defense. In considering this contention, the Court notes that in addition to his Simmons claim, Petitioner also raises a claim that his attorney failed to make proper arguments at sentencing. Further, in an Objection [Doc. #48] to the Response, Petitioner attempts to add several new arguments regarding the age of his convictions, whether certain convictions should have been counted in his criminal history, and whether counsel warned him of the impact of his prior convictions before he pled guilty. All of these claims are barred by the one-year statute of limitations found in § 2255(f). Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United

3

States Supreme Court or (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Here, Petitioner filed a direct appeal, which was denied by the United States Court of Appeals for the Fourth Circuit on February 17, 2009, and which ended when his time to file a petition for certiorari expired in May of 2009. Petitioner did not submit his current § 2255 Motion until more than three years later in August of 2012. He filed his Objection in April of 2013. Both filings are years out of time under Section 2255(f)(1). Only if another subsection gives Petitioner more time to file will his Motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his Motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right and this subsection does not apply.

Finally, Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims are based on facts that existed and were known to Petitioner at the time of his sentencing in 2008. Therefore, this subsection also does not apply and Petitioner's Motion is untimely.

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. ___, ___, 130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner makes no argument that equitable tolling applies to the time-barred claims and none appears from the record. Therefore, the second claim in Petitioner's § 2255 Motion and any additional claims raised in his Objection are time-barred.

Finally, in Petitioner's Reply brief, counsel asks that the Court consider the possible impact of the then-pending case of Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276, 2282 (2013). Petitioner also raises a Descamps argument in a *pro se* Supplement [Doc. #49]. Descamps addressed the use of the "modified categorical approach," and any challenge raised under that case would appear to relate to Petitioner's prior breaking and entering convictions. However, Descamps does not affect the prior determination of the United States Court of Appeals for the Fourth Circuit that North Carolina breaking and entering convictions are predicate felonies under the Armed Career Criminal Act. United States v. Terry, 547 F. App'x 367, 368 (4th Cir. 2013); United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014). Therefore, Petitioner's claim under Descamps also fails and should be denied.

5

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #35] to vacate, set aside, or correct sentence, as amended and supplemented, be denied and that this action be dismissed.

This, the 10th day of August, 2015.

                                                           /s/ Joi Elizabeth Peake
                                                        United States Magistrate Judge